Alexander Phillips v. The State.

No. 4827. Decided March 6, 1918.

1.—Murder—Evidence—Declarations of Defendant—Arrest.

Upon trial of murder, there was no error in admitting in evidence the declarations of defendant with reference to said homicide very soon thereafter, the record showing that defendant was not under arrest when he made them.

2.—Same—Evidence—Dying Declarations—Res Gestae—Charge of Court.

Where, upon trial of murder, the State introduced in evidence declarations of deceased, which came within the rule of dying declarations, or res gestae, or both, there was no reversible error; the court properly instructing the jury with reference thereto.

Appeal from the District Court of Henderson. Tried below before the Hon. John S. Prince.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of dying declarations: Moore v. State, 7 Texas Crim. App., 14; Edgar v State, 59 Texas Crim. Rep., 252; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W. Rep., 1074; Anderson v. State, 70 Texas Crim. Rep., 594, 157 S. W. Rep., 1197; Zweig v. State, 74 Texas Crim. Rep., 306, 171 S. W. Rep., 747.

PRENDERGAST, Judge.—Upon a trial for murder appellant was convicted and the lowest punishment assessed.

There were no objections to the court's charge in any particular. Every issue raised by the testimony was properly submitted in the charge.

The only questions presented are by three bills to the admission of testimony. The first was to the testimony of Dr. Pully, who testified, among other things, to some statements by the appellant to him very soon after he cut and killed deceased. This testimony was objected to on the ground that appellant was under arrest at the time. The bill quotes the whole of the testimony of Dr. Pully, not only of what the appellant told him but of other material testimony on other points as well. Appellant's objection that he was under arrest at the time is a mere objection. It was not approved as a fact by the judge. In fact, the judge qualified his bill by stating that the defendant was not under arrest, as disclosed by the testimony of the witness, and that appellant himself swore that Chapman and Cartledge arrested him. They were deputy sheriff and constable, respectively, and this was some time after he had made the statements to Dr. Pully. This bill shows no reversible error.

Another bill was to the testimony of Nannie White. Her testimony

is also quoted in full in the bill. She testified to some statements made by the deceased to her which the court admitted it seemed either as dying declarations or a res gestae statement, or both.

His other bill is to the testimony of Maggie Mays and is gotten up in the same way. Her testimony was admitted by the court both as a res gestae statement and a dying declaration as shown by his qualification of the bill. In addition to what the bill shows, the court told the jury in his charge that before they could consider the testimony of either of these witnesses they must find that the requisites for the admission of dying declarations were shown. The testimony of Nannie White was perhaps also a res gestae statement of the deceased. At least the bill by no means excludes any such idea.

The record was sufficient to show that the testimony of both of these witnesses was admissible as testifying to the dying declaration of deceased. Neither of these bills show reversible error.

There is nothing else for review.

The judgment is affirmed.

*Affirmed.*